ALLEN L. RAMSEY

*v.*

THE PERTH AMBOY SHIPBUILDING AND ENGINEERING
COMPANY.

[Decided August 4th, 1911.]

Claimant in 1903 presented its claim for advances of money to a cor-
poration to its receiver, by whom it was rejected, and thereafter for
nearly three years engaged in foreclosure proceedings in an attempt to
realize on its second mortgage security and acquiesced in the suggestion
of New Jersey counsel that, pending the foreclosure proceeding, no appeal
from the receiver's rejection of the claim should be taken, and took no
appeal until March, 1907, and after appeal took no action until after the
appointment of a new receiver and his unexpected realization of a large
sum of money in August, 1910.—*Held*, that, in view of the rights of
other claimants, the probable delay in winding up the receivership and the
possible loss of evidence on the disputed claim, an application to revoke
an order of October, 1910, dismissing the appeal for want of prosecution,
would be denied.

On petition of Theodore Francis Green for the revocation of
an order made by the chancellor herein bearing date October
25th, 1910, whereby the appeal of George H. Newhall, receiver
of the Nautical Preparatory School, from the rejection of his
claim by the receiver was dismissed for want of prosecution.

*Messrs. McCarter & English,* for the petitioner.

*Mr. Adrian Lyon, contra,* for the receiver.

PITNEY, CHANCELLOR.

The claim in question was presented by the Nautical Prepara-
tory School, a corporation of the State of Rhode Island, to Hon.
Willard P. Voorhees, at that time receiver of the Perth Amboy
Shipbuilding and Engineering Company, in the month of No-

vember, 1903. The claim was for the amount of $76,500, and was based upon advances of money made by the Nautical Preparatory School to the shipbuilding company under a contract for the construction of a vessel. The receiver rejected the claim. About a year later George H. Newhall was appointed by the supreme court of Rhode Island receiver of the claimant, and through Messrs. Alan H. & Theodore Strong as his solicitors, filed in this court on March 1st, 1907, an appeal from the determination of Receiver Voorhees rejecting the claim.

In August, 1909, Adrian Lyon, Esq., was appointed receiver of the shipbuilding company in the place of Receiver Voorhees, who had been appointed a justice of the supreme court. About a year later, Mr. Lyon, somewhat unexpectedly, realized a large sum ($190,000) from the sale of certain real estate of the shipbuilding company which before had been apparently unsalable.

Thereafter, Mr. Alan H. Strong, in behalf of Receiver Newhall, or of the present petitioner, to whom the claim had been assigned, made a motion before me, on notice to Receiver Lyon, for an order to refer to a vice-chancellor the appeal of Newhall, receiver, from Receiver Voorhees's decision; and Mr. Lyon at the same time made a counter motion to dismiss the appeal for want of prosecution. Thereupon the order of October 25th, 1910, was made dismissing the appeal. Revocation of this order is now asked for by Theodore Francis Green, assignee of Newhall, receiver. He holds the claim in question in trust for certain of the creditors of the Rhode Island corporation.

The ground of the present application is that the failure to prosecute the appeal was due solely to the negligence of Mr. Strong, and not to any negligence of Mr. Newhall or his representatives.

Mr. Newhall confided the matter to his counsel in Rhode Island, and they dealt with Mr. Strong mainly through correspondence, most but not all of which has been preserved and was put in evidence before me on the present application.

It appears that as evidence of and security for its claim for $76,500 of advances, the Nautical Preparatory School held a bond and mortgage upon lands given to it in the month of June,

1903, by the shipbuilding company, the mortgage being subject to a prior mortgage held by the Perth Amboy bank or its receiver.

The general claim was rejected by Receiver Voorhees in August, 1904. At the same time its validity was incidentally brought into question in a suit in which the validity of the mortgage was litigated and adjudicated. This was *Campbell, Receiver,* v. *Perth Amboy Shipbuilding Co.,* brought for the foreclosure of the first mortgage, and in which Mr. Strong, as counsel for the Nautical school, filed an answer disputing the validity of that mortgage, and also, by cross-bill, set up a lien upon the land under the mortgage of the Nautical school. The former controversy was decided in this court November 3d, 1905. *Campbell* v. *Perth Amboy Shipbuilding Co., 70 N. J. Eq. (4 Robb.) 40; affirmed, 71 N. J. Eq. (1 Buch.) 302.* The controversy about the validity of the mortgage of the Nautical school was decided July 31st, 1907 (*Barrett* v. *Perth Amboy Shipbuilding Co., 73 N. J. Eq. (3 Buch.) 62*), with the result that the mortgage was established as a lien to the extent of $1,500 and except to this extent was adjudged void.

It does not appear what instructions were given by the Nautical Preparatory School to Mr. Strong about the presentation and prosecution of its general claim against the receiver of the shipbuilding company. But in October, 1904, upon the appointment of Mr. Newhall as receiver for the Nautical school, Messrs. Edwards & Angell, his counsel, wrote to Mr. Strong asking for full information about the situation in New Jersey, in reply to which Mr. Strong wrote explaining the questions raised in the pending foreclosure suit, stating that "the mortgage would seem to be good for the $1,500 loan, and perhaps for the $9,000 paid at the time the mortgage was given," &c., and that "these questions are to be disposed of on the cross-bill;" and then stated

"A separate claim has been presented by Nautical Preparatory School as a general creditor for $76,500, being the total amount paid to the shipbuilding company on account of its contract for the building of the 'Young America' and the $1,500 loan as aforesaid, *which claim the receiver has rejected. An appeal from his decision, however, lies to the*

*chancellor; but as the appeal involves the same questions as the cross-bill, it may be held over to abide the result on the cross-bill."* (The italics are mine.)

Thereafter the instructions to Mr. Strong came wholly from Messrs. Edwards & Angell, and in the main were in the form of correspondence. For more than two years the parties busied themselves about the litigation of the questions raised in the foreclosure suit referred to, and nothing was said about the claim against the general assets of the New Jersey receivership nor about the receiver's decision rejecting that claim. The Rhode Island parties manifestly accepted the suggestion of Mr. Strong that the question of an appeal from the receiver's decision should be held to abide the result of the decision on the cross-bill. And I think it clear that the expressions contained in the letters of Messrs. Edwards & Angell between the fall of 1904 and the beginning of the year 1907, making inquiries as to the situation of the litigation in New Jersey, were intended to refer, and were naturally understood by Mr. Strong to refer, to the litigation respecting the validity of the underlying mortgage and of the mortgage of the Nautical Preparatory School. In short, the Rhode Island receiver and his counsel fully acquiesced in the suggestion that no appeal should be made for the present from the decision of the receiver adverse to the general claim.

In January, 1907, notice reached the Rhode Island receiver of an order made by this court in the present cause limiting to March 1st, 1907, all appeals from disallowance of claims by Receiver Voorhees. This notice was forwarded by Messrs. Edwards & Angell to Mr. Strong, who, without express instructions, but with the approval of the Rhode Island parties, filed an appeal. From that time forward, while the Rhode Island counsel frequently wrote making general inquiries as to the situation of the litigation in New Jersey, its probable duration and the like, the inquiries, so far as they were at all specific, related solely to the litigation respecting the mortgages, and no mention was made of the appeal from the decision of Receiver Voorhees nor any inquiry as to the prosecution of that appeal.

Meanwhile, in August, 1907, Mr. Strong notified the Rhode Island counsel of the decision of Advisory Master (former vice-chancellor) Pitney concerning the second mortgage, and forwarded to them a copy of the opinion as now reported in *73 N. J. Eq.* (*3 Buch.*) *62.* This led to some correspondence, or at least some inquiries by letter preferred by Messrs. Edwards & Angell to Mr. Strong, to which he did not reply as promptly or as fully as they desired.

About three years more were permitted to elapse without any definite instructions given by or in behalf of the Rhode Island receiver to Mr. Strong looking to the substantiation of the general claim for $76,500. It was not until the spring of the year 1910, when the litigation in respect to the Nautical Preparatory School had terminated in the Rhode Island courts and the claim of the school against the Perth Amboy Shipbuilding and Engineering Company arising out of the bond and mortgage had been assigned to Theodore Francis Green, the present petitioner, that any special effort was made by the Rhode Island interests looking to a decision upon the validity of the general claim. And not until the month of August of that year, and after Receiver Lyon had realized, as already mentioned, an unexpectedly large sum from the sale of the real estate of the company and was making ready to wind up his receivership, was any earnest effort made by the Rhode Island parties, now represented by Theodore Francis Green, to prosecute the appeal from Receiver Voorhees's decision.

In the light of all the evidence it seems to me that the Rhode Island interests concurred with Mr. Strong in the view that it was not worth while to prosecute the appeal. They seem to have had little confidence in the merits of the claim, and little expectation that the receiver of the shipbuilding company would be able to pay a substantial dividend to the general creditors; and it would appear that for these reasons they did not care to expend money in the effort to establish the claim. I do not characterize their non-action, or that of Mr. Strong, as negligent; rather it seems to have been due to caution—perhaps over-caution—about "sending good money after bad."

Whether responsibility for such non-action should be equally shared by the New Jersey counsel and the Rhode Island counsel for the receiver of the Nautical Preparatory School is of course not the principal question that concerns me. I have indicated my view about this. But whether I am right or wrong in that view, I adhere to the opinion expressed when I made the order of October 25th, 1910, dismissing the appeal for want of prosecution, that the appellant had consciously forborne to prosecute the appeal, and had in effect speculated upon the outcome of the receiver's efforts to realize upon the assets of the shipbuilding company. The laches has been such, I think, as not only to justify but to require the dismissal of the appeal. It would be most unjust to creditors and others interested in the prompt winding up of the affairs of insolvent companies if claimants, whose claims are disputed and rejected by the receiver, could await the outcome of the receiver's efforts to realize upon the assets of the insolvent corporation before making up their minds whether to prosecute an appeal from his decision. And besides, the delay in the present case has been so great as to render it highly probable that evidence has been lost, through death of witnesses or failure of their memories, and to leave it by no means certain that the result of a trial of the disputed claim, if now held, would be the same as it would have been if the appeal had been promptly brought to a hearing after it was taken. It is true that Receiver Lyon cannot point to any particular witness or piece of evidence that has been lost by the delay; but this may be because the present petitioner, who holds the claim, has made no attempt to show that it has substantial merits, and so Mr. Lyon has had neither occasion nor opportunity to investigate its merits.

Upon the whole, I feel constrained to deny the application for a revocation of the order dismissing the appeal, and it will be denied, with costs.